# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-1731V**

SHARON H. RAMBO,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: June 30, 2026

*Daniel J. Smith, Smith & Smith, Fort Worth, TX, for Petitioner.*

*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 22, 2022, Sharon Rambo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused by an influenza ("flu") vaccine administered on November 25, 2019. Petition at 1; Stipulation, filed at July 16, 2025, ¶¶ 1, 2. On July 22, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 39.

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,446.81 ($25,723.75 in fees plus $1,723.06 in costs). Motion for Attorneys' Fees and Costs ("Motion") filed March 2, 2026, ECF No. 43. Furthermore, Petitioner filed a signed statement that no personal out-of-pocket expenses were incurred. ECF No. 43-3.

Respondent reacted to the motion on March 16, 2026, representing that he is satisfied the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response at 2, 4. ECF No. 44. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, as explained below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner has requested that I apply the following hourly rates for attorney Daniel Smith: $470.00 per hour for work performed in 2022; $495.00 per hour for work performed in 2023; $523.00 per hour for work performed in 2024; and $562.00 per hour for work performed in 2025.

Mr. Smith has been a licensed attorney since 1989, and was admitted to the Court in 2016.[3] He has approximately 27 years of legal experience prior to focusing his practice on representing petitioners in the Vaccine Injury Compensation Program. I find these requested rates to be reasonable, and they shall be awarded herein.

The time devoted to the matter was also mostly reasonable, with one exception. Attorney Smith billed 3.80 hours in this matter at his regular rate of $495.00 for 2023, and $523.00 for 2024, on work more properly categorized as paralegal tasks.[4] Such work must be billed at non-attorney rates, due to the nature of the task performed. It is well established in the Program that "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

Accordingly, I hereby reduce attorney Smith's hourly rate to that of the paralegal's rate of $161.00 per hour for the 3.70 hours he billed in 2023, and $170.00 for the 0.10 hours he billed in 2024 on such tasks more properly categorized as paralegal work. **Application of the foregoing reduces the amount of fees to be awarded $1,271.10**.[5]

[3] Although this is not Mr. Smith's first case in the Vaccine Program, it is the first case in which he is requesting hourly rates. Mr. Smith currently has three additional cases pending before this Court.

[4] Entries considered paralegal in nature include gathering records, organizing records, preparing statement of completion, preparing PAR documents and calendaring deadlines. See entries dated March 2, 2023; June 23, 2023 and November 20, 2024. ECF No. 43-1 at 1-2.

[5] This amount is calculated as follows: ($495 - $161 = $334 x 3.70 hrs = $1,235.80) + ($523.00 - $170.00 = $353.00 x 0.10 hrs = $35.30) = $1,271.10.

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 43-1 at 6-30. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $26,175.71 (representing $24,452.65 in fees plus $1,723.06 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.